# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CHRISTEL EGGERS,              )
                                   )
       Plaintiff,            )
                                   )
          v.               )    Case No. 16 C 09554
                                   )
SATURN FREIGHT SYSTEMS, INC.,   )    Judge Joan H. Lefkow
an Illinois corporation,         )
                                   )
       Defendant.       )

## ORDER

Defendant's partial motion to dismiss plaintiff's complaint (dkt. 11) is granted. Counts III and IV of the complaint are dismissed with prejudice. Plaintiff may, by October 16, 2017, amend her complaint to include a retaliation claim under Title VII or the ADEA if she can do so consistently with Federal Rule of Civil Procedure 11. See Statement.

## STATEMENT

Eggers alleges that she was wrongfully discharged and retaliated against in violation of Illinois common law. Count III is labeled "wrongful discharge" and Count IV is labeled "retaliation."

In Illinois, absent a contract providing otherwise, employees are at will and can be terminated with or without cause. *See Turner* v. *Mem'l Med. Ctr.*, 911 N.E.2d 369, 374, 233 Ill. 2d 494, 331 Ill. Dec. 548 (2009) ("[A] noncontracted employee is one who serves at the employer's will, and the employer may discharge such an employee for any reason or no reason." (internal quotation marks and citation omitted)). The narrowly proscribed tort of retaliatory discharge requires an employee to allege that the discharge occurred in retaliation for the employee's activities and that the discharge "violates a clear mandate of public policy." *Id.* at 374. To violate public policy, "the matter must strike at the heart of a citizen's social rights, duties, and responsibilities." *Id.* at 378 (internal quotation marks omitted). Illinois has recognized the tort only where the discharge was in retaliation for an employee's exercising rights under the Workers Compensation Act, where the discharge was in response to an employee's supplying information to law enforcement to prevent the employee from doing so, or where the discharge was in response to the employee's refusing to work in conditions that violated safety laws. *See Kelsay* v. *Motorola, Inc.*, 384 N.E.2d 353, 74 Ill. 2d 172, 23 Ill. Dec. 559 (1978); *Palmateer* v. *Int'l Harvester Co.*, 421 N.E.2d 876, 85 Ill. 2d 124, 52 Ill. Dec. 13 (1981); *Sherman* v. *Kraft General Foods, Inc.*, 651 N.E.2d 706, 272 Ill. App. 3d 833, 209 Ill. Dec. 528 (Ill. App. 1995); *Wheeler* v. *Caterpillar Tractor Co.*, 485 N.E.2d 372, 108 Ill. 2d 502, 92 Ill. Dec. 561 (1985);

*see also Sutherland* v. *Norfolk Southern Ry. Co.*, 826 N.E.2d 1021, 356 Ill. App. 3d 620, 292 Ill. Dec. 585 (Ill. App. 2005); *Hernandez* v. *Kustom Seating Unlimited, In*c., No. 15 C 9118, 2016 WL 2866129 (N.D. Ill. May 17, 2016). Concepts of fairness and justice are not within the public policy exception. *See Turner*, 911 N.E.2d at 376 ("Any effort to evaluate the public policy exception with generalized concepts of fairness and justice will result in an elimination of the at-will doctrine itself." (quotation marks and citation omitted)).

Eggers has not alleged that an employment contract (other than an at-will relationship) existed between her and Saturn Freight. The public policy she identifies in her complaint is termination of employment "without cause and in retaliation against her." (Dkt. 1, ¶ 52.) Her memorandum refers to retaliation for voicing complaints to Saturn Freight's human resources department. (*See* dkt. 1, ¶¶ 13-29.) There is no authority in Illinois law that would prohibit termination in retaliation for complaining to human resources unless the complaint concerned exercise of a protected right such as is claimed in Counts I and II. The allegations of wrongful discharge at Count III, paragraph 50, of the complaint focus on arbitrary and unfair treatment.[1] Arbitrariness and unfairness are not against public policy, as is clear from *Turner*. Indeed, Illinois' public policy is to the contrary: absent a contract providing otherwise, employees are employed at will and can be terminated for any reason or no reason.

*Rees* v. *Bank Bldg. & Equip. Corp. of Am.*, 332 F.2d 548 (7th Cir. 1964), which Eggers cites, is not relevant. It dealt with Missouri law and concerned whether an employer discharged the employee in order to deprive him of commissions reasonably certain to accrue, in violation of the implied covenant of good faith and fair dealing in his written compensation agreement. *Klinkner* v. *County of DuPage*, 770 N.E.2d 734, 331 Ill. App. 3d 48, 264 Ill. Dec. 429 (2002), is likewise not persuasive. In that case the plaintiff alleged a statutory violation and the court merely indicated that any common law claims of wrongful or retaliatory discharge (which had not been pleaded) would have been time-barred.

In sum, plaintiff has failed to plead facts that, if proved, would establish wrongful termination or retaliatory discharge under Illinois common law. In light of the absence of any allegation in the fairly detailed complaint that Eggers was discharged in retaliation for whistleblowing or for asserting rights under the Workers Compensation Act, these claims will be dismissed with prejudice. As Saturn Freight points out, if Eggers is attempting to state a claim of retaliation for contacting the EEOC in April 2016, she must allege that Saturn Freight knew of the contact for there to be a possible link to the termination. *See Lugo* v. *IBEW Local #134*, 175 F. Supp. 3d 1026, 1038 (N.D. Ill. 2016) (citing *Tomanovich* v. *City of Indianapolis*, 457 F.3d 656, 668 (7th Cir. 2006) ("It is not sufficient that [an employer] could or even should have known about [an employee's] complaint; [the employer] must have had actual knowledge of the complaints for [its] decisions to be retaliatory") (alteration in original)) (granting motion to dismiss retaliation claim).

---

[1] The allegation that she was treated less favorably than male employees because she was required to stamp a time clock may be relevant to her Title VII claim but is not within the retaliatory discharge doctrine.

For these reasons, the motion to dismiss must be granted with prejudice as to the claims asserted in Counts II and III.

Date: September 29, 2017

_____

U.S. District Judge Joan H. Lefkow